J-S36001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EUGENE MCMILLER | : | |
| | : | |
| Appellant | : | No. 352 WDA 2013 |

Appeal from the Judgment of Sentence January 23, 2013
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0013606-2011

BEFORE:  PANELLA, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 30, 2015**

Appellant, Eugene McMiller, appeals from the judgment of sentence entered on January 23, 2013, after a jury convicted him of second degree murder, robbery, and three counts of recklessly endangering another person. McMiller contends that the trial court erred in overruling his objection to the admission of evidence of prior bad acts. We affirm.

McMiller and his co-defendant, Gary Smith, were accused of killing Justin Charles during a robbery on October 14, 2011. On that day, Michael Elko and Charles Coddington, both admitted heroin users, were at Elko's home. A friend of the pair, Charles, came to the home with two African-American males, one of whom was later identified as McMiller. Charles, also a heroin user, was trying to arrange a drug deal with the two men. An

---

[*] Retired Senior Judge assigned to the Superior Court.

- 1 -

altercation ensued. According to Elko, during the altercation, McMiller had pulled out a gun and demanded money from Charles several times, with Charles refusing each time. Elko further testified that McMiller had threatened that, if Charles did not give him the money, he would give the gun to the other man who would use it. The robbery culminated in the death of Charles. When shown a photo array by police, Elko identified McMiller as one of the men who came into his house, and as the man who demanded money from him.

At trial, McMiller chose to testify on his own behalf. Prior to that testimony, McMiller was informed of his rights with regard to testifying or remaining silent, as well as any potential ramifications from testifying. Specifically, McMiller was informed that his own answers to questions could subject him to additional questions on items that would not normally be admissible. Along with other examples, it was mentioned if McMiller testified that he did not know Gary Smith, the Commonwealth could cross-examine him on the fact that he had recently been arrested with Smith. McMiller indicated that he understood all of the potential ramifications and consequences of his testimony.

During McMiller's testimony, he indicated that he was afraid when Smith pulled a gun on Charles, and he indicated that it "was the first time I was in a situation like that." N.T., Trial, 10/24-25/12, at 77. On cross-examination, McMiller recommitted to his statement that he had never been

in a situation like that, where a gun was pulled on a person. *See id*., at 86. After a defense objection, the court permitted the Commonwealth to explore the subject of an incident that occurred at a convenience store two days prior to the murder of Charles. McMiller had been arrested on charges that he committed an armed robbery with Smith on October 12. It was alleged that the two were at a convenience store and Smith put a gun in the back of the clerk and demanded money. *See id*.

Following a jury trial, McMiller was convicted of second degree murder,[1] robbery,[2] and three counts of recklessly endangering another person.[3] The trial court later sentenced McMiller to life in prison without parole for the murder conviction and to a concurrent term of 5 to 10 years for robbery. This timely appeal followed.

McMiller's sole claim raised on appeal is that the trial court denied him a fair trial by permitting the introduction into evidence of allegedly unrelated and unproven criminal activity. Specifically, he claims the trial court erred in admitting, over defense counsel's objection, evidence of McMiller's alleged involvement in criminal activity that occurred two days prior to the instant murder. *See* Appellant's Brief, at 20-25.

The applicable standard of review for a challenge to the admissibility of evidence is well settled.

---

[1] 18 Pa. C.S.A. §2502(b)
[2] 18 Pa. C.S.A. §3701(a)(1)
[3] 18 Pa. C.S.A. §2705

> The admissibility of evidence is a matter for the discretion of the trial court and a ruling thereon will be reversed on appeal only upon a showing that the trial court committed an abuse of its discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

*Commonwealth v. Sherwood*, 982 A.2d 483, 495 (Pa. 2009) (citation and quotation marks omitted)

McMiller testified on his own behalf and therefore cross examination of him was limited by rules pertaining to witnesses generally. "The credibility of a witness may be impeached by any evidence relevant to that issue, except as otherwise provided by statute or these rules." Pa.R.E. 607(b). If a defendant offers himself as a person worthy of belief, the jury has the right to know what kind of man he is and thus his previous record is admissible to aid in assessing his credibility. *See Commonwealth v. Butler*, 173 A.2d 468, 474 (Pa. 1961).

Evidence implying other crimes may be introduced when the evidence has a proper evidentiary purpose and is not used merely to demonstrate that the defendant is a person of bad character with a propensity to commit crime. *See Commonwealth v. Hood*, 872 A.2d 175, 185 (Pa. Super. 2005). When the defense opens the door it is well established that the Commonwealth may impeach a defendants' credibility with reference to prior crimes. *See id*. "[The defendant] is not insulated from being discredited

- 4 -

about the factual accuracy simply because that proof involves other crimes." *Id*. (brackets in original; citation omitted).

In his own testimony McMiller ardently told the jury – twice – that he had never before been in a situation like the one at issue, in which Smith pulled a gun on a victim. Understandably, this opened the door for the Commonwealth to attempt to impeach McMiller's credibility, as he had been charged as a co-defendant in the same type of robbery at a convenience store merely two days prior to the robbery and murder at issue. This cross-examination clearly attacked McMiller's credibility. It was thus permissible because it was not offered to show McMiller's bad character or propensity for this particular crime, but rather, to prove that the testimony he offered was not truthful. Admission of such evidence is within the sound discretion of the trial court and where, as here, there is a legitimate purpose for allowing such evidence to come in, no abuse of discretion is found.

While the evidence of the prior robbery was prejudicial, the trial court used its discretion in admitting the evidence after weighing the prejudicial impact against its probative value. The trial court provided the jury with a cautionary instruction during its closing charge to ensure that it was clear that the prior robbery charge was only a pending criminal case and to ensure the bad acts testimony would not be misused by the jurors.

> There was evidence admitted showing that the Defendant has a pending criminal case for which he is not on trial at this point…This evidence is not evidence of the Defendant's guilt. You must not infer guilt from the evidence of the pending case. This

- 5 -

> evidence may be considered by you for one purpose only. That is to help you judge the credibility and weight of the testimony given by the Defendant as a witness in this trial. This evidence must not be considered by you in a way other than for the purpose that I just stated. You must not regard this evidence as showing that the Defendant is a person of bad character or criminal tendencies from which you might be inclined to infer guilt.

N.T., Trial, 10/24-25/12, at 162-163. A jury is presumed to follow the court's instructions. **See Hood**, 872 A.2d at 185. Thus, the trial court properly limited the purpose for which the evidence of the prior arrest could be used.

McMiller agrees that the alleged event that occurred two days prior was analogous to the present crime, but suggests that the evidence should not have been permitted because he was only alleged to have been involved in the previous robbery with Smith and had not yet been convicted of it. **See** Brief for Appellant, at 22-23. However, a prosecutor may only not malign an accused with *irrelevant* evidence of prior crimes. **See Commonwealth v. Days**, 784 A.2d 817, 821 (Pa. Super. 2001). "When prior crimes *or arrests* are made relevant by the accused's own testimony, cross-examination on these points is entirely proper." **Id**. (emphasis supplied).

We conclude the trial court did not commit an abuse of discretion in admitting the evidence of prior bad acts to impeach McMillers' credibility on the stand during his own testimony. We therefore conclude that McMiller is due no relief on his sole claim on appeal.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2015